CLARK HILL LLP
Bradford G. Hughes (SBN 247141)
bhughes@ClarkHill.com
Seta Sarabekian (SBN 299578)
ssarabekian@clarkhill.com
555 South Flower Street, 24th Floor
Los Angeles, CA 90071
Telephone:  (213) 891-9100
Facsimile:   (213) 488-1178

Attorneys for Defendant MARTEN TRANSPORT, LTD. and JERRY WAYNE DUDLEY JR

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ZEPEDA ALACRAZ, AN INDIVIDUAL; MARIBEL ALCALA DE PEREZ, AN INDIVIDUAL,<br><br>Plaintiff,<br><br>v.<br><br>MARTEN TRANSPORT, LTD., A CORPORATION; JERRY WAYNE DUDLEY JR, AN INDIVIDUAL; AND DOES 1 TO 25, INCLUSIVE,<br><br>Defendant. | Case No.<br><br>(Fresno Superior Court Case No. 23CRCG00892)<br><br>**NOTICE AND PETITION FOR REMOVAL**<br><br>**[28 U.S.C, §§ 1332 AND 1441(B) DIVERSITY JURISDICTION]**<br><br>*[Filed concurrently with Corporate Disclosure Statement; Declaration in Support of Removal; and Civil Cover Sheet]* |

**I.   DESCRIPTION OF ACTION**

On March 9, 2023, Plaintiffs JOSE ZEPEDA ALACRAZ and MARIBEL ALCALA DE PEREZ filed this action against Defendants in the Superior Court of California for County of Fresno. *See* Declaration of Seta Sarabekian ("Sarabekian Decl.") ¶ 4, Ex. 1. On April 3, 2023 and April 15, 2023 Plaintiff served Defendant MARTEN TRANSPORT, LTD. and Defendant JERRY WAYNE DUDLEY JR with the Complaint, respectively. *Id.* ¶ 5, Ex. 2. The action is titled *Joes Zepeda Alacraz, et al. v. Marten Transport, Ltd., et al.* and bears case number 23CECG00892. *Id.* at ¶ 4, Ex. 1.

In the Complaint, Plaintiffs allege that on May 18, 2022, Defendant Dudley driving Freightliner tractor and trailer owned by Defendant Marten deviated from his lane of traffic when it was unsafe to do so and struck the left side of a vehicle driver by Plaintiff Jose Zapeda Alacraz. *Id.* at ¶ 4, Ex. 1. Plaintiffs allege that after hitting their vehicle, Defendant Dudley fled the scene. *Id*. Plaintiffs further claim that as result of Defendant Dudley's actions and omissions, Plaintiffs suffered severe injuries and incurred damages. *Id.* In light of these claims, the Complaint alleges causes of action: Negligence, Negligent Entrustment, Negligent Hiring, Supervision, or Retention. *Id.* Plaintiff's prayer for relief includes compensatory damages, punitive damages, costs and fees incurred, and other relief the Court may deem proper and just. *Id*.

## II.     TIMELINESS AND TECHNICAL REQUIREMENTS OF REMOVAL

This Notice of Removal is timely because it is being filed within thirty days after service of the Complaint on Defendants. Sarabekian Decl. at ¶ 5, Ex. 2.

## III.    REMOVAL BASED ON DIVERSITY JURISDICTION

This Court possesses original diversity jurisdiction under 28 U.S.C. § 1332(a) because this is a civil action between a citizen of California and citizens of states other than California and the matter in controversy exceeds the sum or value of $75,000.

**A. Complete Diversity Exists**

The Supreme Court held "diversity jurisdiction does not exist unless each defendant is a citizen of a different State from each plaintiff." *Owen Equip. & Erection Co. v. Kroger,* 437 U.S. 365, 373 (1978). "Individuals are citizens of their state of domicile." *Munoz v. Small Bus. Admin.,* 644 F.2d 1361, 1365 (1981); *Kanter v. Warner-Lambert Co.,* 265 F.3d 853, 857 (2001) ("A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return"). A corporation is a "citizen" both of the state in which it was incorporated and of the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c).

Here, the requirements for diversity of citizenship are satisfied. Defendant Marten is a corporation organized as such under the laws of the Delaware with its

1   principal place of business in Mondovi, Wisconsin. *See* Sarabekian Decl. ¶ 8, Ex. 3.
2   Defendant Dudley is an individual and resident of the State of Nevada. *Id.* Based on
3   Plaintiffs' Complaint, Plaintiffs are residents of the State of California. *Id.* at ¶ 4, Ex.
4   1. Complete diversity exists because Plaintiffs are a citizen of California, Defendant
5   Marten is a citizen of Delaware with its principal place of business in Mondovi,
6   Wisconsin, and Defendant Dudley is a citizen of Nevada.

**B. Amount in Controversy Exceeds $75,000**

To establish original jurisdiction based on diversity of parties, the amount in controversy must exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). The amount in controversy is defined as the "amount at stake in the underlying litigation," and includes any result of the litigation, excluding interests and costs, that "entail[s] a payment" by the defendant. See *Gonzales v. CarMax Auto Superstores, LLC,* 840 F.3d 644, 648–49 (9th Cir. 2016) (citing *Theis Research, Inc. v. Brown & Bain,* 400 F.3d 659, 662 (9th Cir. 2005); *Guglielmino v. McKee Foods Corp.,* 506 F.3d 696, 701 (9th Cir. 2007)). This amount includes compensatory damages, punitive damages, as well as attorneys' fees awarded under fee shifting statutes. See id. at 648–49 (citing *Chabner v. United of Omaha Life Ins. Co.,* 225 F.3d 1042, 1046 n.3 (9th Cir. 2000)).

In determining the amount in controversy, courts may look to the "face of the pleadings." *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 289 (1938). When the complaint does not specify the amount of damages, the removing defendant has the burden of proving by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. *See Wilson v Republic Iron & Steel Co.* 257 US 92, 97, 42 S Ct 35 (1921); *Hunter v Philip Morris USA* 582 F3d 1039, 1042 (9th Cir 2009); *Sanchez v Monumental Life Ins. Co.* 102 F3d 398 (9th Cir 1996) (rejecting "converse legal certainty" test of *Hale v Billups of Gonzales, Inc.* (MD La 1985) 610 F Supp 162). If the plaintiff does not include a demand amount in the complaint, the jurisdictional threshold may be established by other documents such as

a plaintiff's statement of damages or pre-litigation settlement demands. See e.g. *Babasa v. Lenscrafters, Inc.,* 498 F.3d 972, 974-975 (9th Cir. 2007) ("[a] settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim" (citing *Cohn v. Petsmart, Inc.,* 281 F.3d 837,840 (9th Cir. 2002)); *Aparicio v. Abercrombie & Fitch Stores Inc.,* 2014 WL 545795, *3 (C.D. Cal . 2014) ("[a] document reflecting a settlement demand in excess of the jurisdictional minimum constitutes 'other paper' sufficient to provide notice that a case is removable").

Here, Plaintiffs allege the impact caused their vehicle to be pushed off the road, down a dirt embarkment, and roll over. As result, Plaintiffs alleged severe physical injuries, medical expenses, loss of earnings, and earning capacity, and other special and general damages. Plaintiffs allege their damages are in excess of $25,000, and based on the face of the pleadings as to the nature of the alleged roll over incident and resulting injuries, the amount in controversy is in excess of $75,000.

**C. No Other Defendants**

There are no other defendants that have been named or served in this action. Thus, there are no other defendants to join in this Notice of Removal.

**IV.    VENUE IS PROPER IN THE U.S. DISTRICT FOR THE CENTRAL DISTRICT OF CALIFORNIA**

Venue is proper in the Eastern District of California pursuant to 28 U.S.C. §§ 1391(b)(2) because Plaintiffs alleged that a substantial part of the events or omissions giving rise to the claim occurred in the City of Fresno, County of Fresno, California. *See* Sarabekian Decl. at ¶ 4, Ex. 1. Further, Plaintiff filed the Complaint in the Superior Court of the State of California, County of Fresno, which is within this judicial district and division. See 28 U.S.C. § 84(c)(2). This Court is thus the proper court for removal under 28 U.S.C. § 1441(a). Defendant reserves the right to seek transfer venue pursuant to applicable law.

///

## V. NOTICE TO ADVERSE PARTIES AND THE SUPERIOR COURT

Promptly after the filing of this Notice, Defendant will provide written notice of removal to Plaintiffs and the Superior Court and will file a copy of this Notice of Removal with the Clerk of the Fresno Superior Court. Defendant has sought no similar relief with respect to this matter. In compliance with 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders filed and/or served in this action are attached to the Sarabekian Declaration as Exhibit 1.

## VI. PRAYER FOR REMOVAL

**WHEREFORE,** Defendants respectfully request that the above-captioned action pending before the Superior Court of the State of California in and for the County of Fresno be removed to the United States District Court for the Eastern District of California.

Defendant hereby requests that this Court exercise jurisdiction over all further proceedings in this action.

Defendant hereby provides notice and demands a jury trial in the above-captioned matter.

Dated:  April 19, 2023           CLARK HILL LLP

By: _____
Bradford G. Hughes
Seta Sarabekian

Attorneys for Defendant MARTEN TRANSPORT, LTD. and JERRY WAYNE DUDLEY JR

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing document(s) with the Clerk of the Court for the United States District Court of California, by using the Court's CM/ECF system on April 20, 2023.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the Court's CM/ECF system.

*/s/: Cassandra Delery*
Cassandra Delery