# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ZEPEDA ALACRAZ and MARIBEL ALCALA de PEREZ,<br><br>Plaintiffs,<br><br>v.<br><br>MARTEN TRANSPORT LTD and JERRY WAYNE DUDLEY, JR.,<br><br>Defendants. | Case No.  1:23-cv-00615-JLT-SKO<br><br>ORDER DENYING DEFENDANT'S MOTION<br><br>(Doc. 8) |

## I.  INTRODUCTION

The matter before the Court is Defendant Jerry Wayne Dudley, Jr.'s "Motion to Strike Claim for Punitive Damages Pursuant to F.R.C.P. 12(f)," filed May 17, 2023.  (Doc. 8.)  On May 31, 2023, Plaintiffs filed their opposition (Doc. 14), and Defendant filed his reply on June 8, 2023 (Doc. 18). No hearing was calendared, and the matter was taken under submission on the papers by the assigned district judge.  (*See* Doc. 16.)  On June 15, 2023, the motion was re-assigned to the undersigned for final disposition per the parties' stipulation.  (*See* Docs. 19 & 20.)

Having considered the briefing, and for the reasons set forth below, Defendant's motion to strike, construed as a motion to dismiss, will be denied.

## II. BACKGROUND

**A. Factual Background**

This case concerns a vehicular collision that Plaintiffs allege caused them injury. Plaintiffs allege that on May 18, 2022, Defendant Jerry Wayne Dudley, Jr. ("Defendant Dudley") was driving a Freightliner tractor and trailer owned by his employer Defendant Marten Transport, Ltd. ("Defendant Marten") on southbound SR-99 just north of Jensen Avenue in Fresno, California. (Doc. 1-1 ("Compl.") ¶¶ 11, 14, 16.) According to Plaintiffs, Defendant Dudley "deviated from his lane of traffic when it was unsafe to do so" and struck the left side of a vehicle driver by Plaintiff Jose Zepeda Alacraz ("Plaintiff Alacraz"). (*Id*. ¶ 11.) Plaintiff Maribel Alcala de Perez ("Plaintiff Perez") was the front passenger of the vehicle driven by Plaintiff Alacraz. (*Id*. ¶ 15.)

Plaintiffs allege that as a result of the collision, their vehicle was pushed off the road down a dirt embankment and rolled over. (Compl. ¶ 11.) They allege that, after hitting their vehicle and seeing it roll down the embankment, Defendant Dudley "stopped the semi-trailer on the shoulder briefly, and then fled the scene." (*Id*. ¶ 12.) According to Plaintiffs, Defendant Dudley "did not call 911, exchange information, or seek to get any type of assistant to Plaintiffs, who remained inside their rolled over vehicle in need of help." (*Id*.) Plaintiffs allege that after a witness called the authorities to report the hit and run, Defendant Dudley was apprehended by the California Highway Patrol. (*Id*. ¶ 13.) Plaintiffs claim they suffered "severe injuries and incurred damages" as a result of Defendant Dudley's acts and omissions. (*Id*. ¶ 17.)

**B. Procedural Background**

On March 9, 2023, Plaintiffs filed their complaint in Fresno County Superior Court, alleging claims for negligence, negligent entrustment, and negligent hiring, supervision, or retention. (*See* Doc. 1-1.) Plaintiffs seek compensatory damages, punitive damages pursuant to California Civil Code § 3294, and costs. (*See id*.)

Defendants removed the action to this Court based on diversity jurisdiction, 28 U.S.C. § 1332, on April 19, 2023. (*See* Doc. 1.) The parties stipulated to enlarge the time for Defendants to respond to the complaint to May 24, 2023. (Doc. 5.) On May 17, 2023, Defendant Dudley filed the present motion to strike. (Doc. 8.) As of the date of this order, Defendant Marten has not yet

responded to the complaint.

### III. DISCUSSION

Defendant Dudley moves to strike, pursuant to Fed. R. Civ. P. 12(f), Plaintiffs' claim for punitive damages under California Civil Code § 3294 on grounds that Plaintiffs fail to allege any factual basis to support the allegation of malice or oppression.[1] (Doc. 8-1 at 3–4; Doc. 18 at 4–5.) Plaintiffs oppose the motion to strike on three grounds: (1) a motion to strike pursuant to Rule 12(f) is an improper vehicle to challenge a claim for punitive damages; (2) the heightened California pleading standards for punitive damage claims do not apply in federal court; and (3) the complaint adequately pleads entitlement to punitive damages under the applicable federal pleading standard. (Doc. 14 at 2–10.) The Court takes each of these arguments in turn.

**A.    Rule 12(f)**

Federal Rule of Civil Procedure 12(f) provides in pertinent part that "[t]he court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "'Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded [, and] [i]mpertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question.'" *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (quoting 5 Charles A. Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1382, at 706–07 & 711 (1990)), *rev'd on other grounds by* 510 U.S. 517 (2004).

A 12(f) motion to strike serves "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). The granting of a motion to strike "may be proper if it will make trial less complicated or eliminate serious risks of prejudice to the moving party, delay, or confusion of the issues." *Taheny v. Wells Fargo Bank, N.A.*, No. CIV. S–10–2123–LKK, 2011 WL 1466944, at *2 (E.D. Cal. Apr. 18, 2011) (citing *Fantasy*, 984 F.2d at 1527–28).

---

[1] California Civil Code § 3294 provides, in pertinent part:

> In an action for the breach of an obligation not arising from contract, where the defendant has been guilty of oppression, fraud, or malice, the plaintiff, in addition to the actual damages, may recover damages for the sake of example and by way of punishing the defendant.

Cal. Civ. Code § 3294(a)

3

However, "[m]otions to strike are disfavored and infrequently granted." *Neveu v. City of Fresno*, 392 F. Supp. 2d 1159, 1170 (E.D. Cal. 2005) (citations omitted). Indeed, a motion to strike "'should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation.'" *Id*. (quoting *Colaprico v. Sun Microsystems, Inc.,* 758 F. Supp. 1335, 1339 (N.D. Cal. 1991)); *see also Wynes v. Kaiser Permanente Hospitals*, No. 2: 10–cv–00702–MCE, 2011 WL 1302916, at * 12 (E.D. Cal. Mar.31, 2011) (noting "courts often require a showing of prejudice by the moving party").

In ruling on a motion to strike, a "court[ ] may not resolve disputed and substantial factual or legal issues . . . ." *Whittlestone, Inc. v. Handi–Craft Co*., 618 F.3d 970, 973 (9th Cir.2010) (internal quotation marks omitted). Finally, "leave to amend should be freely given" unless there is a showing of prejudice to the moving party. *See Wyshak v. City Nat'l Bank*, 607 F.2d 824, 826–27 (9th Cir. 1979) (citing Fed. R. Civ. P. 15(a)) (other citations omitted).

Here, Defendant Dudley contends Plaintiffs have not sufficiently alleged malice or oppression under California Civil Code § 3294. Defendant Dudley's "resort to Rule 12(f) is misplaced," however, because "'[t]he proper medium for challenging the sufficiency of factual allegations in a complaint is through Rule 12(b)(6) not Rule 12(f).'" *Kelley v. Corrections Corp. of Am*., 750 F. Supp. 2d 1132, 1146 (E.D. Cal. 2010) (quoting *Consumer Solutions REO, LLC v. Hillery*, 658 F. Supp. 2d 1002, 1020 (N.D. Cal. 2009)). *See also Oushana v. Lowe's Companies, Inc*., No. 1:16-CV-01782, 2017 WL 5070271, at *2 (E.D. Cal. Nov. 3, 2017) ("Rule 12(f) may not be used to strike a request for punitive damages. The proper vehicle for challenging the sufficiency of a punitive damages claim is a motion to dismiss under Rule 12(b)(6).")

If a motion is in substance based on Rule 12(b)(6), but is incorrectly labeled as a Rule 12(f) motion, the court may convert it to the proper designation and consider the motion as though it were brought under Rule 12(b)(6). *Kelley,* 750 F. Supp. 2d at 1146; *Coppola v. Smith*, 982 F. Supp. 2d 1133, 1144 n.4 (E.D. Cal. 2013). This Court will therefore consider Defendant Dudley's motion as though he had correctly denominated it as a motion to dismiss for failure to state a claim upon which

relief can be granted.[2]

## B.  Applicable Pleading Standard

To the extent Defendant Dudley relies on California Civil Code § 3294 to set the pleading standard, such reliance is misplaced.  Section 3294 sets the substantive requirements that must be met to obtain punitive damages, but Federal Rules of Civil Procedure 8 and 9 set the pleading standards that must be met in federal court.  *See Neveu*, 392 F. Supp. 2d at 1183–84.

Federal Rule of Civil Procedure 9(b) provides in part that "Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  Fed. R. Civ. P. 9(b); *Neveu,* 392 F. Supp. 2d at 1184.  However, although malice, intent, and knowledge may be alleged generally, the allegations that request punitive damages must still meet the standards elaborated under *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).[3]  *See Coppola*, 982 F. Supp. 2d at 1144; *Kelley*, 750 F. Supp. 2d at 1147.  To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face.  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

## C.  Analysis

As set forth above, a plaintiff may recover punitive damages in connection with a non-contractual claim under California law if they establish by clear and convincing evidence that the defendant is guilty of (1) fraud, (2) oppression or (3) malice.  Cal. Civil Code § 3294(a).  Pertinent

---

[2] The Court notes that while both parties have termed the request for punitive damages as a "claim" it is not clear whether it constitutes a claim for Rule 12(b)(6) purposes.  *See Elias v. Navasartian*, No. 1:15-cv-01567-LJO-GSA-PC, 2017 WL 1013122, at *4 (E.D. Cal. Feb. 17, 2017) ("Recent court decisions have held that because a prayer for relief is a remedy and not a claim, a Rule 12(b)(6) motion to dismiss for failure to state a claim is not a proper vehicle to challenge a plaintiff's prayer for punitive damages, because Rule 12(b)(6) only countenances dismissal for failure to state a claim."); *Oppenheimer v. Sw. Airlines Co*., No. 13-CV-260, 2013 WL 3149483, at *4 (S.D. Cal. June 17, 2013).  As set forth above, Defendant Dudley is challenging the sufficiency of the allegations which support the request for punitive damages, which is more akin to the standards applicable under Rule 12(b)(6) even though punitive damages here are not a claim but a request for a particular form of relief.  Nonetheless, the Court addresses the sufficiency of the allegations supporting the request, because that is the approach most logically suggested by the Ninth Circuit in *Whittlestone.  See, e.g., City of Fresno v. Tokio Marine Specialty Ins. Co*., No. 1 ;18-cv-00504-LJO-SAB, 2018 WL 3691407, at *6 n.7 (E.D. Cal. Aug. 1, 2018).

[3] Plaintiffs cite to cases that have found "in federal court, a plaintiff may include a 'short and plain' prayer for punitive damages that relies entirely on unsupported and conclusory averments of malice or fraudulent intent." *Rees v. PNC Bank, N.A*., 308 F.R.D. 266, 273 (N.D. Cal. 2015) (quoting *Clark v. Allstate Ins. Co*., 106 F. Supp. 2d 1016, 1019 (S.D. Cal. 2000)).  These cases deal with denying a Rule 12(f) motion to strike punitive damages and rely mainly on a pre-*Twombly* and *Iqbal* case in making this finding, which this Court has declined to follow.  *See Kelley*, 750 F. Supp. 2d at 1147.  *See also MCI Commc'ns Servs., Inc. v. Sec. Paving Co., Inc*., No. 1:15-cv-01940-LJO-JLT, 2016 WL 1436521, at *4 (E.D. Cal. Apr. 12, 2016) ("[T]he Court declines to follow *Clark* and its progeny, and will instead apply the standard set forth in *Kelley*.").

here, "malice" means conduct that is "intended by the defendant to cause injury to the plaintiff" or that is carried on by the defendant with a "willful and conscious disregard of the rights or safety of others." *Id*. § 3294(c)(1). And similarly, "oppression" means conduct that subjects a person to "cruel and unjust hardship in conscious disregard of that person's rights." *Id*. § 3294(c)(2). Malice and oppression may be inferred from the circumstances of a defendant's conduct. *Monge v. Superior Ct.*, 176 Cal. App. 3d 503, 511 (1986).

Plaintiffs seek punitive damages in relation to their negligence claim against Defendant Dudley. They allege that he

> committed malice and oppression when, after hitting Plaintiffs' vehicle with his semi-trailer and observing Plaintiffs' vehicle lose control and roll over down a dirt embarkment [*sic*], he pulled over briefly and then fled the scene of the accident he caused. Defendant DUDLEY did not provide his name, address, or insurance information, did not render assistance, and did not call for aid, delaying medical assistance to Plaintiffs. Defendant DUDLEY knew or should have known that his conduct in fleeing the scene of an accident he caused, after observing the passenger vehicle he hit go off the road and roll down a dirt embarkment [*sic*], was extreme and despicable conduct in conscious disregard of the rights and safety of others. In doing so, he acted with total, willful and conscious disregard of the rights of Plaintiffs. His actions were despicable, and more than decent citizens should have to tolerate.

(Compl. ¶¶ 21–22.)

Taking Plaintiffs' allegations as true,[4] the Court finds that Plaintiffs have alleged conduct by Defendant Dudley that plausibly suggests entitlement to relief—specifically, that Defendant Dudley fled the scene of an accident that he caused, did not call 911, exchange information, or seek to get any type of assistant to Plaintiffs while inside their rolled-over vehicle in need of help. The Court finds that these allegations, at a minimum, sufficiently plead malice under California law, as they plausibly suggest "conduct which is carried on by the defendant with a conscious disregard of the rights or safety of others."[5] *See* Cal. Civ. Code § 3294(c)(1). *See also Freezor v. La Mirada Restaurant*, No. CV–S03–2053-GEB-GGH, 2003 WL 24275212, *1 (E.D. Cal. Dec. 15, 2003)

---

[4] The Court must accept the well-pleaded factual allegations as true and draw all reasonable inferences in favor of the non-moving party. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010); *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007); *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 996–97 (9th Cir. 2006); *Morales v. City of Los Angeles*, 214 F.3d 1151, 1153 (9th Cir. 2000).

[5] Whether Defendant Dudley's conduct does in fact rise to a level that justifies punitive damages is an issue that must remain unresolved at this stage of the litigation.

(denying a motion to strike punitive damages allegations because "[a] finding of 'malice' [ ] does not require an intent to injure"); *Nolin v. Nat'l Convenience Stores, Inc*., 95 Cal. App. 3d 279, 285–86 (1979) (holding that although "[i]t has long been the rule that conduct classified only as unintentional carelessness . . . will not support an award of punitive damages . . . a nonintentional tort can have the characteristics of an intentional tort to the extent of embracing the concept of malice as used in Civil Code section 3294").

### IV.   CONCLUSION AND ORDER

For the foregoing reasons, the Court finds that Plaintiffs' complaint contains allegations against Defendant Dudley that could plausibly lead to a finding of entitlement to punitive damages under California Civil Code § 3294.  Accordingly, Defendant's "Motion to Strike Claim for Punitive Damages Pursuant to F.R.C.P. 12(f)" (Doc. 8), construed as a motion to dismiss, is DENIED.

IT IS SO ORDERED.

Dated:   **July 12, 2023**                       /s/ *Sheila K. Oberto*
                                                           UNITED STATES MAGISTRATE JUDGE