1

2

3

4

5

6

7                           UNITED STATES DISTRICT COURT

8                    FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   JOSE ZEPEDA ALACRAZ, et al.,                 No.  1:23-cv-00615-JLT-SKO

11                  Plaintiffs,

12          v.                                     ORDER RE: PLAINTIFFS' MOTION TO
                                                   COMPEL AND VACATING HEARING
13   MARTEN TRANSPORT LTD, et al.,
                                                   (Doc. 49)
14                  Defendants.

15

16          This matter is before the Court on Plaintiffs Jose Zepeda Alacraz ("Plaintiff Alacraz")

17   and Maribel Alcala de Perez's ("Plaintiff de Perez") (collectively, "Plaintiffs") motion to

18   compel, filed January 2, 2025, which requests further responses to discovery responses that seek

19   information related to Defendant Jerry Wayne Dudley, Jr. ("Defendant Dudley")'s prior criminal

20   convictions, past citations for motor vehicle code violations, and past collisions (the "Motion to

21   Compel").  (Doc. 49.)  Plaintiffs and Defendant Dudley filed a joint statement directed to the

22   Motion to Compel (the "Joint Statement"), as required by this Court's Local Rule 251, on

23   January 2, 2025, the same day the Motion to Compel was filed.[1]  (Doc. 50.)  The Court has

24   reviewed the parties' Joint Statement and finds the matter suitable for decision without oral

25   argument.  Accordingly, the hearing set for January 22, 2025, will be vacated.

26   _____
     [1] Plaintiffs also filed a "Memorandum of Points and Authorities" in support of their Motion to Compel.  (*See* Doc.
27   49 at 4–15.)  The parties were previously advised that, pursuant to Local Rule 251, "[a]ll arguments and briefing that
     would otherwise be included in a memorandum of points and authorities supporting or opposing the motion shall be
     included in this joint statement, and no separate briefing shall be filed."  (Doc. 47 (citing E.D. Cal. L.R. 251(c)(3)).)
28   Accordingly, the Court will disregard the separately filed "Memorandum of Points and Authorities."

                                                      1

1    Having considered the Joint Statement, and for the reasons set forth below, the Motion to
2    Compel will be granted in part and denied in part.

3                          **I.      FACTUAL BACKGROUND**

4    This case arises from an incident in which Defendant Dudley, driving a Freightliner
5    tractor-trailer owned by Defendant Marten Transport Ltd. ("Defendant Marten Transport"),
6    allegedly deviated from his lane of traffic and struck the left side of a vehicle driven by
7    Plaintiffs, causing  the vehicle to roll down an embankment.  (Doc. 1-1 ¶ 11.)  According to
8    Plaintiffs, Defendant Dudley left the scene following the incident.  (*Id*. ¶ 12.)  Plaintiffs allege
9    they suffered physical injuries as a result of the incident and seek general and special damages
10   against Defendants.  (*Id*. at p. 13.)  Plaintiffs also seek punitive damages against Defendant
11   Dudley.  (*Id*.)

12                          **II.     LEGAL STANDARD**

13   Federal Rule of Civil Procedure 26(b)(1) permits "discovery regarding any nonprivileged
14   matter that is relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1).  Information
15   within the scope of discovery "need not be admissible in evidence to be discoverable."  *Id*.  A
16   "relevant matter" under Rule 26(b)(1) is any matter that "bears on, or that reasonably could lead
17   to other matters that could bear on, any issue that is or may be in the case."  *Oppenheimer Fund,*
18   *Inc. v. Sanders*, 437 U.S. 340, 351, (1978).  Relevancy should be "construed 'liberally and with
19   common sense' and discovery should be allowed unless the information sought has no
20   conceivable bearing on the case."  *Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D. Cal.
21   1995) (quoting *Miller v. Pancucci*, 141 F.R.D. 292, 296 (C.D. Cal. 1992)).

22   "The party seeking to compel discovery has the burden of establishing that its request
23   satisfies the relevancy requirements of Rule 26(b)(1)."  *Louisiana Pac. Corp. v. Money Mkt. 1*
24   *Institutional Inv. Dealer*, 285 F.R.D. 481, 485 (N.D. Cal. 2012) (citing *Soto*, 162 F.R.D. at 610)).
25   In turn, the party opposing the discovery "has the burden of showing that discovery should not
26   be allowed, and also has the burden of clarifying, explaining and supporting its objections with
27   competent evidence."  *Id*. (citing *DIRECTV, Inc. v. Trone*, 209 F.R.D. 455, 458 (C.D. Cal.
28   2002)).  The Court is vested with broad discretion to manage discovery.  *See Hunt v. County of*

                                          2

1  *Orange*, 672 F.3d 606, 616 (9th Cir. 2012); *Survivor Media, Inc. v. Survivor Prods.*, 406 F.3d
2  625, 635 (9th Cir. 2005).

3  **III.     DISCUSSION**

4       In the Joint Statement, Plaintiffs seek to compel Defendant Dudley to provide responses
5  to Plaintiff Alacraz's Interrogatory Nos. 18 & 21; Plaintiff de Perez's Interrogatory Nos. 1 & 2;
6  Plaintiff Alacraz's Request for Production ("RFP") No. 13; and Plaintiff de Perez's RFP No. 4,
7  all of which seek information related to Defendant Dudley's prior criminal convictions, past
8  citations for motor vehicle code violations, and past collisions.[2]  (Doc. 50 at 2–7.)  Defendant
9  Dudley has refused to produce such information on grounds that the requests are "overbroad as
10  to scope and time," seek "irrelevant information and [are] reasonably calculated to lead to the
11  discovery of admissible evidence," and are "in violation of Responding Party's rights to privacy
12  and confidentiality."  (*Id.*)

13       For the reasons set forth below, the Court finds that Plaintiffs have not met their burden
14  of establishing the relevance of the information sought by Plaintiff Alacraz's Interrogatory Nos.
15  18 & 21; Plaintiff de Perez's Interrogatory Nos. 1 & 2; and Plaintiff Alacraz's RFP No. 13, to
16  warrant the ordering of responses by Defendant Dudley, and further that the interrogatories as
17  written are overbroad and unduly burdensome.  Accordingly, the Court will deny the Motion to
18  Compel as to those discovery requests.  Because it seeks the discovery of relevant information
19  under Fed. R. Civ. P. 26(b)(1), the Motion to Compel as to Plaintiff de Perez's RFP No. 4, as
20  limited by Plaintiffs, will be granted.

21  **A.     Plaintiff Alacraz's Interrogatory No. 18 and Plaintiff de Perez's Interrogatory**
22  **No. 1**

23       These interrogatories require Defendant Dudley to "state all facts relating to any citations
24  [he] received for a violation of the vehicle code or traffic laws of any U.S. state (not including
25  parking violations)."  (Doc. 50 at 2–4.)  Plaintiffs contend that this information is "relevant to

26

27  _____
[2] The Motion to Compel also purports to compel responses to Plaintiff de Perez's RFP Nos. 13 & 14.  (*See* Doc. 49
28  at 2, 15.)  As no argument directed to those RFPs has been included in the Joint Statement, the Court does not
address them in this Order.  *See* E.D. Cal. L.R. 251(c)(3).

3

show [Defendant] Dudley's knowledge," and further suggest that it is relevant to a "potential punitive damages claim" against Defendant Marten Transport, citing *CRST, Inc. v. Superior Ct.*, 11 Cal. App. 5th 1255 (2017). (*Id*. at 3.) Plaintiffs do not specify to what "knowledge" of Defendant Dudley's they are referring, nor do they articulate how this information could be relevant to show Defendant Marten Transport's misconduct under Cal. Civil Code § 3294(b), *see CRST, Inc*., 11 Cal. App. at 1264. This is not enough to satisfy Rule 26(b)'s relevancy requirements and the Court declines to speculate on the issue. *See Johnson v. Nw. Airlines, Inc*., No. C 08-02272 VRW, 2009 WL 839044, at *2 (N.D. Cal. Mar. 30, 2009) ("Although the burden on parties requesting discovery is low, they must meet a threshold of relevance that is beyond speculation; litigants seeking to compel discovery must describe with a reasonable degree of specificity the information they hope to obtain and its importance to their case.") (internal quotation marks omitted).

These interrogatories are also overbroad and unduly burdensome. *See Heitkoetter v. Domm,* No. 1:22-CV-0368-KES-BAM, 2024 WL 4979149, at *3 (E.D. Cal. Dec. 4, 2024) (interrogatories requiring responding party to "state all facts" deemed "unduly burdensome"); *United States v. Real Prop. Located in Los Angeles, California*, No. CV 20-6314-CAS (KS), 2024 WL 4474867, at *9 (C.D. Cal. June 17, 2024) (requirement to "state all facts" in interrogatories found "overbroad"). *See also In re Qualcomm Litig*., No. 17-CV-0108-GPC-MDD, 2018 WL 1306406, at *2 (S.D. Cal. Mar. 13, 2018) ("Almost by definition, this interrogatory is overbroad. Except in a very simple transaction, it may be impossible to 'state all facts' surrounding a given event.").

Because Plaintiffs have not met their burden of establishing relevancy, and in view of the overbreadth and undue burden of the interrogatories, the Motion to Compel a further response from Defendant Dudley to Plaintiff de Perez's Interrogatory No. 1 and Plaintiff Alacraz's Interrogatory No. 18 is denied.

**B.    Plaintiff Alacraz's Interrogatory No. 21 and Plaintiff de Perez's Interrogatory No. 2**

These interrogatories require Defendant Dudley to "state all facts relating to any felony

conviction you have received" (Doc. 50 at 4–6.)  According to Plaintiffs, this information is discoverable because "prior accident-related or hit-and-run convictions are relevant to [Defendant] Dudley's knowledge (1) that he could impact smaller vehicle with his semi and not feel it, and (2) that was obligated to stay at the scene." (*Id*. at 5.)  But these interrogatories are not limited to "accident-related or hit-and run convictions," and Plaintiffs do not articulate a basis for the relevance of information relating to <u>all</u> felony convictions, regardless of type or time period.  *Louisiana Pac. Corp*., 285 F.R.D. at 485; *Johnson*, 2009 WL 839044, at *2.  And, because they require Defendant Dudley to "state all facts," the interrogatories also suffer from the same problems of overbreadth and undue burden as found above.  *See Heitkoetter*, 2024 WL 4979149, at *3; *Real Prop. Located in Los Angeles, California*, 2024 WL 4474867, at *9.  Accordingly, the Motion to Compel responses from Defendant Dudley to Plaintiff Alacraz's Interrogatory No. 21 and Plaintiff de Perez's Interrogatory No. 2 is denied.

**C.    Plaintiff Alacraz's RFP No. 13 and Plaintiff de Perez's RFP No. 4**

RFP No. 13 seeks "any and all documents referring and/or relating to any collisions that [Defendant Dudley was] involved in prior to the incident." (Doc. 50 at 6.)  RFP No. 4 is narrower, requesting production of "any and all documents referring and/or relating to any collisions in which [Defendant Dudley was] the driver of a motor vehicle that collided with another vehicle, cyclist, pedestrian, or object, prior to the incident." (*Id*.)  Plaintiffs assert that Defendant Dudley's "prior collisions are relevant for the same reasons as his citation history and felony history." (*Id*. at 7.)

As to Plaintiff de Perez's RFP No. 4, the Court agrees that documents relating to collisions in which Defendant Dudley was the driver are relevant to his awareness and obligations regarding  the circumstances of the incident at issue in this lawsuit.  As indicated in the Joint Statement, Plaintiffs' have agreed to limit the request to the "last 10 years" and "narrow the categories of documents sought" (Doc. 50 at 6–7), which should adequately address Defendant Dudley's objection of overbreadth.  To the extent responsive documents implicate Defendant Dudley's privacy rights, the parties can stipulate to the entry of a protective order pursuant to E.D. Cal. Local Rule 144.1.  *See, e.g., In re Heritage Bond Litig*., No. CV 02-1475-

DT(RCX), 2004 WL 1970058, at *5 n.12 (C.D. Cal. July 23, 2004) (privacy concerns are adequately protected by the protective order and are not sufficient to prevent production).

As for documents relating to <u>all</u> collisions, even those in which Defendant Dudley was a passenger, or victim, or those that did not involve a motor vehicle at all, Plaintiffs have not demonstrated the relevance.  In the absence of any established basis for finding documents responsive to Plaintiff Alacraz's RFP No. 13 relevant, *Louisiana Pac. Corp.*, 285 F.R.D. at 485, the Motion to Compel a response from Defendant Dudley to this request is denied.

### IV.      CONCLUSION AND ORDER

For the reasons set forth above, the hearing set for January 22, 2025, is VACATED, and the Motion to Compel (Doc. 49) is GRANTED IN PART and DENIED IN PART as follows:

1.    Plaintiffs' motion to compel a response to Plaintiff de Perez's RFP No. 4 is GRANTED, subject to Plaintiffs' agreed limitations.   (*See* Doc. 50 at 6–7.)   The parties are ORDERED to meet and confer to agree upon a reasonable time frame and manner for production of responsive documents, including the terms of a stipulated protective order pursuant to E.D. Cal. L.R. 144.1, if necessary; and

2.    Plaintiffs' motion to compel responses to Plaintiff Alacraz's Interrogatory Nos. 18 & 21; Plaintiff de Perez's Interrogatory Nos. 1 & 2; and Plaintiff Alacraz's RFP No. 13 is DENIED.

IT IS SO ORDERED.

Dated:   **January 10, 2025**                    /s/ *Sheila K. Oberto*
                                              UNITED STATES MAGISTRATE JUDGE

6