Bradford G. Hughes, Esq., SBN 247141
Seta Sarabekian, Esq., SBN 299578
Stephanie L. Freismuth, Esq., SBN 319519
**CLARK HILL LLP**
555 South Flower Street, 24th Floor
Los Angeles, CA 90071
Telephone: (213) 891-9100
Facsimile: (213) 488-1178
bhughes@ClarkHill.com
ssarabekian@ClarkHill.com
sfreismuth@ClarkHill.com
Attorneys for Defendants MARTEN TRANSPORT LTD
and JERRY WAYNE DUDLEY JR.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ZEPEDA ALACRAZ, an individual; MARIBEL ALCALA DE PEREZ, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MARTEN TRANSPORT LTD, a corporation; JERRY WAYNE DUDLEY JR, an individual; and DOES 1 to 25 inclusive,<br><br>Defendant. | Case No. 1:23-CV-00615-JLT-SKO<br><br>**JOINT STIPULATION AND ORDER TO MODIFY SCHEDULING ORDER**<br><br>(Doc. 53)<br><br>Assigned to: Hon. Jennifer L. Thurston<br>Magistrate Judge: Hon. Sheila K. Oberto<br><br>Complaint Filed: March 9, 2023<br>Trial: October 25, 2025 |

Pursuant to Rules 6(b) and 29(b) of the Federal Rules of Civil Procedure and Pursuant to Local Rule 143 Plaintiffs JOSE ZEPEDA ALACRAZ and MARIBEL ALCALA DE PEREZ ("Plaintiffs") and Defendants MARTEN TRANSPORT LTD and JERRY WAYNE DUDLEY JR ("Defendants") (collectively the "Parties") hereby respectfully stipulate and request the Court amend the current Scheduling Order (ECF No. 41) for good cause, and in support thereof would respectfully show the Court as follows:

On August 17, 2023, a Scheduling Conference was held; the Court set the following deadlines pursuant to Federal Rule of Civil Procedure 16 and Civil Local Rule 240:

    Non Expert Discovery: June 14, 2024

    Expert Disclosures: August 1, 2024

    Rebuttal Expert Disclosures: August 29, 2024

    Expert Discovery: September 27, 2024

  These pretrial deadlines have been amended pursuant to the Parties agreement on four occasions. The trial date has been continued twice by the Court *sua sponte*, and most recently to October 21, 2025. (ECF 41). The current discovery deadlines, as per the October 28, 2024 Order (ECF 41) are as follows:

    Non-Expert Discovery: January 31, 2025

    Expert Disclosures: February 28, 2025

    Rebuttal Expert Disclosures: March 14, 2025

    Expert Discovery: April 11, 2025

  The Parties now request a further amendment to the discovery deadlines as follows preceding the October 21, 2025 trial in this matter:

    Non-Expert Discovery: April 11, 2025

    Expert Disclosures: May 9, 2025

    Rebuttal Expert Disclosures: May 23, 2025

    Expert Discovery: June 13, 2025

  Good cause exists to grant this joint stipulation and the Parties request this reset and amendment to the Scheduling Order for the following reasons:

  (1) The scope and extent of Plaintiffs' alleged injuries and resulting damages necessitates extensive discovery. Although the Parties are making diligent efforts to complete all pending discovery, the Parties will not be able to comply with the current fact and expert discovery deadlines. Moreover, the Parties have agreed to attend a mediation, however, the Parties must first complete the pending discovery before they can engage in meaningful settlement discussions.

  (2) To date, the following depositions have been completed: Three (3)

depositions of emergency personnel; two (2) depositions of eyewitnesses; the depositions

//

of both Plaintiffs; the depositions of Defendant Marten's PMQ and Defendant Dudley; and seven (7) depositions of Plaintiffs' treating physicians.

(3) Additionally, despite properly noticing the deposition of plaintiffs' treating provider, Dr. Robert Reisch, Defendants were forced to take a certificate of non-appearance on January 9, 2025, due to his failure to appear for deposition, which must now either be rescheduled or compelled. Further, Defendants must conduct a second session of Dr. Timothy Davis' deposition which was suspended because Dr. Davis acknowledged that he had additional records that had inadvertently not been produced prior to his deposition.

(4) Defendants are also working on coordinating no less than twenty (20) additional medical treater depositions; and five (5) fact witness depositions; however, the Parties may require the Court's input on the number of depositions appropriate for this case in the future as Plaintiffs will not stipulate to allow Defendants more than 12 depositions (2 more than the 10 allowed by FRCP 30).

(5) Plaintiffs obtained contact information for several additional eyewitnesses to the subject accident from CHP Officer Aldrete's August 2, 2024 deposition. Plaintiffs did successfully subpoena and obtain the deposition of two (2) of these witnesses, and determine that a third cannot be found; however, there is one final accident eyewitness that Plaintiffs are diligently working to contact, locate and subpoena. There is insufficient time to locate them all, provide the required notice, and secure their availability for a deposition to take place based on the current deadline.

(6) Plaintiffs have subpoenaed Defendant Dudley's prior employment records from First Fleet, Inc.,, which were due this past week and were not produced; therefore, a motion to compel may be needed and/or a deposition of the employer's PMQ, which will require travel to Tennessee.

//

(7) Plaintiffs are still undergoing treatment, and plaintiff, Maribel Alcala De Perez just recently underwent an additional surgical procedure on January 14, 2025, for which the associated records remain outstanding. She is also planning an additional surgical procedure in the next month. As such, the Parties require additional time to obtain these records and for Defendants' experts evaluate same.

(8) Given the scope and extent of Plaintiffs' alleged injuries, including their alleged traumatic brain injuries, the Parties have been conferring over the necessary Independent Medical Examinations that Defendants require of each plaintiff. Currently, Plaintiffs have agreed to submit for physical examinations with Defendants' neurologist which are scheduled for February 24, 2025. Plaintiffs have also agreed to undergo neuropsychological examinations. However, the Parties have not been able to agree as to the terms of the neuropsychological examinations, or whether Plaintiffs will agree to submit to the psychiatric examinations that Defendants also seek. The Parties are in the process of briefing the Court on this dispute. Given the current posture of discovery, however, the Parties require additional time to complete the above discovery, brief the Court, and have Plaintiffs submit to the necessary Independent Medical Examinations.

(9) Plaintiffs' counsels of record will be engaged in a trial beginning March 21, 2025, which will limit their ability to participate in critical expert discovery based on the current deadlines.

//

//
//
//
//
//

(10) This brief continuance may aid the facilitation of settlement, it will not cause any prejudice to the Parties or any third-party, and it is not requested for any improper purpose.

Dated: February 7, 2025            CLARK HILL LLP

By: /s/ Stephanie L. Freismuth
Bradford G. Hughes
Seta Sarabekian
Stephanie L. Freismuth
Attorneys for Defendants MARTEN TRANSPORTS LTD and JERRY WAYNE DUDLEY JR.

Dated: February 7, 2025            BD&J, PC

By: /s/ Jennifer Bagosy (as authorized on 2/7/25)
Olivier Taillieu
Jennifer Bagosy
Attorneys for Plaintiffs JOSE ZAPEDA and MARIBEL ALCALA DE PEREZ

**ORDER**

Pursuant to the parties' foregoing stipulation (Doc. 53), and for good cause shown (*see* Fed. R. Civ. P. 16(b)(4)), the case schedule (Doc. 41) is MODIFIED as follows:

|  | **Previous Deadline** | **New Deadline** |
|---|---|---|
| Non-Expert Discovery | January 31, 2025 | April 11, 2025 (*nunc pro tunc*) |
| Expert Disclosures | February 28, 2025 | May 9, 2025 |
| Rebuttal Expert Disclosures | March 14, 2025 | May 23, 2025 |
| Expert Discovery | April 11, 2025 | June 13, 2025 |
| Non-Dispositive Motion Deadline[1] | Filing: April 16, 2025<br>Hearing: May 21, 2025 | Filing: June 18, 2025<br>Hearing: July 23, 2025 |
| Dispositive Motion Deadline | Filing: April 23, 2025<br>Hearing: May 28, 2025 | Filing: June 25, 2025<br>Hearing: July 30, 2025 |
| Deadline to Provide Proposed Settlement Conference Dates | By July 23, 2025, or 90 days before trial, whichever is later | By September 24, 2025, or 90 days before trial, whichever is later |
| Pre-Trial Conference | August 25, 2025 | October 27, 2025 |
| Trial | October 21, 2025 | January 13, 2026 |

IT IS SO ORDERED.

Dated:   **February 10, 2025**          /s/ *Sheila K. Oberto*
                                        UNITED STATES MAGISTRATE JUDGE

---

[1] Although the parties did not request an enlargement of the motion deadlines and pretrial and trial dates, such enlargement is necessary to allow the Court time to adjudicate motions and for the parties to prepare for trial.